UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA STAR COMES OUT, a/k/a TAMARA STAR, | ) ) ) | CIV. 05-5075-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE |
| MOHAMMED AHSAN, | ) ) | |
| Defendant. | ) | |

Defendant, Dr. Mohammad Ahsan, moves the court for an order in limine prohibiting plaintiff, Tamara Star, from introducing into evidence or otherwise discussing any documents, records, reports, or testimony making reference to a police or Bureau of Indian Affairs (BIA) investigation of Star's allegations. Star opposes the motion. The motion is denied in part and granted in part.

**FACTUAL BACKGROUND**

Star alleges that on November 24, 2004, Dr. Ahsan improperly touched her breasts and made inappropriate comments to her during a medical examination at the Indian Health Services (IHS) Hospital. Two days later, on November 26, 2004, Star went to the BIA Law Enforcement office and reported her allegations regarding Dr. Ahsan's conduct to Marvin Bad Wound, a criminal investigator. Criminal Investigator Bad Wound instructed Star to see

Michelle Keith at the IHS Hospital and put in a complaint.[1]  Consequently,

Star told Keith about her allegations of sexual assault and based upon the

nature of Star's allegations, Keith contacted hospital security.  Denise Evans,

an Oglala Sioux Tribe (OST) Department of Public Safety employee who was

working security at IHS Hospital, arrived at Keith's office.[2]  Evans listened to

Star's description of the assault allegations and asked Star if she was willing to

sign a complaint against the alleged offending doctor.  When Star indicated she

was, Evans told her to write the complaint on an OST Department of Safety

form.[3]

Evans then contacted law enforcement and when Officer Mousseau

arrived, she told him about Star's allegations.[4]  Evans gave a copy of Star's

signed complaint to Officer Mousseau and Officer Mousseau indicated that he

would take charge of the situation.  Officer Mousseau completed an incident

report in which he stated that he was contacted by hospital security on

November 26, 2004, that Star wanted to "press charges" against Dr. Ahsan,

---

[1] Keith was the acting CEO of the IHS Hospital at that time.

[2] Connie Pourier, a counselor, also arrived at Keith's office to talk to Star.

[3] Evans testified that she was responsible for taking alleged victims' statements and for completing an initial report.  Thereafter, the administration and police handle the case.

[4] Evans and Officer Mousseau spoke with Dr. Todd Smith, the medical director at the IHS Hospital, who confirmed that Dr. Ahsan was the physician who examined Star two days earlier, on November 24, 2004.

and that Star had completed a signed complaint.  Officer Mousseau indicated

that he communicated all of this information to Criminal Investigator Bad

Wound.

## DISCUSSION

Dr. Ahsan argues that the above mentioned factual situation relates to a

criminal investigation, a criminal charge, or a criminal prosecution and is,

therefore, inadmissible.  Dr. Ahsan argues that the fact Star contacted law

enforcement regarding her allegations in this case is irrelevant and its

probative value is outweighed by the danger of unfair prejudice because it

unfairly suggests that Dr. Ahsan was criminally charged.  Dr. Ahsan argues,

however, that Star's handwritten complaint about the alleged event that was

given to Evans is admissible for the purpose of impeachment because it is an

admission against interest under Federal Rule of Evidence 801(d)(2)(A).

Finally, Dr. Ahsan argues that Star's statements that she contacted BIA

regarding her allegations and that BIA was investigating the matter are

inadmissible because they are hearsay and they do not qualify as a hearsay

exception.

Star responds that if Dr. Ahsan seeks to exclude all evidence related to

the above mentioned series of events, then that prohibition should extend to

all the evidence, including Star's handwritten complaint.  But if Dr. Ahsan

seeks to open the door and offer any evidence relating to the events, then Star

should not be precluded from presenting all of the evidence surrounding the events.  More specifically, Star argues that Dr. Ahsan should not be allowed to use Star's written complaint in his defense while prohibiting the admissibility of the rest of facts surrounding the written complaint.  Star asserts that if the complaint is admissible, then the circumstances under which that complaint was prepared, her emotional state when she prepared the complaint, and the reason why she prepared and signed that complaint are also admissible.

**I.      Evidence Regarding Lack of Prosecution of Dr. Ahsan**

In Goffstein v. State Farm Fire & Casualty Co., 764 F.2d 522 (8th Cir. 1985), the Eighth Circuit addressed whether evidence that criminal arson charges were not brought against an insured was admissible during a civil trial for recovery of insurance proceeds.  The Eighth Circuit determined that "[a]s a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges."  Id. at 524.  Several courts have relied on Goffstein when deciding that a plaintiff in a civil law suit for fire insurance proceeds is not permitted to present evidence of his nonprosecution on related criminal arson charges.  See Cedar Hill Hardware & Constr. Supply, Inc. v. Insurance Corp. of Hannover, 2006 WL 508315, at *4 (E.D. Mo. Mar. 1, 2006) (determining that evidence that no criminal charges had yet been brought against the plaintiffs in connection with the Cedar Hill Hardware fire was not admissible) and Brawner v. Allstate

Indemnity Co., 2008 WL 110921, at *2 (E.D. Ark. Jan. 9, 2008) (finding that

evidence that the plaintiffs had not been arrested, indicted, or convicted of

insurance fraud or arson, and no other person had been arrested, indicted, or

convicted with respect to the fire giving rise to the law suit was inadmissible).

The instant case is indistinguishable from Goffstein and its progeny.

Evidence of non-prosecution is of limited probative value because of the higher

burden of persuasion in a criminal case and because prosecutorial discretion

may consider other factors not relevant in a civil case.  Kelly's Auto Parts,

No. 1, Inc. v. Boughton, 809 F.2d 1247, 1252 (6th Cir. 1987).  As a result, all

parties and witnesses are precluded from making any reference to the lack of

prosecution of Dr. Ahsan.

## II.    Circumstances Surrounding Star's Handwritten Complaint

Dr. Ahsan seeks to exclude references and testimony in relation to the

making of Star's criminal complaint, arguing that such evidence is irrelevant

and any probative value is substantially outweighed by the danger of unfair

prejudice.  In Goffstein, the trial court admitted evidence of the police

investigation regarding its initial response and the cause of the fire, while

excluding evidence that criminal charges were not brought.  Goffstein, 764

F.2d at 524.  Also, in Brawner, 2008 WL 110921, at *1-2, the court determined

that the fact that law enforcement authorities were notified of the fire, called

into the investigation, and gathered evidence was admissible while the fact

5

that the plaintiffs had not been arrested, indicted, or convicted of insurance fraud or arson and no other person had been arrested, indicted, or convicted for the fire was inadmissible.  Similarly, in Estate of Moreland v. Dieter, 395 F.3d 747, 755 (7th Cir. 2005), the court admitted into evidence in a § 1983 civil trial the videotaped interviews of two defendants, which had been conducted by police interrogators in connection with a criminal investigation of the same two defendants.  The court determined that the videotaped interviews were admissible even though evidence that the defendants had been acquitted of the criminal charges was excluded.  Id.

Similarly, here, the events surrounding Star's handwritten complaint are relevant and their probative value is not substantially outweighed by the danger of unfair prejudice.  The facts surrounding Star's handwritten complaint are relevant because they will enable the jury to understand the context in which she made her written complaint, and the timing of her police report goes to her credibility.   Also, their probative value, which again includes the circumstances surrounding Star's complaint as well as her credibility, is not substantially outweighed by the danger of unfair prejudice.  Accordingly, the court finds that the factual circumstances surrounding Star's handwritten complaint are admissible.

**III.    Other Facts Regarding the Criminal Investigation**

Other evidence related to Star's contact with law enforcement, including

the fact that Star repeatedly asked the BIA about the status of its

investigation, that Dr. Ahsan was not questioned by law enforcement, and that

the status of the "ongoing investigation" is unclear, is not admissible.  As noted

above, generally evidence that an individual was not criminally charged is

inadmissible in a civil case arising out of the same factual scenario as the

criminal charges.  Goffstein, 764 F.2d at 524.  The reasons for this rule are: (1)

"such evidence goes directly to the principal issue before the jury and is highly

prejudicial" and (2) "a prosecutor's decision not to prosecute and a jury's

decision to acquit in a criminal trial are based on different criteria than apply

in a civil proceeding."  Rabon v. Great Southwest Fire Ins. Co., 818 F.2d 306,

309 (4th Cir. 1987).  The current or past status of the investigation has no

probative value and a great risk of unfair prejudice.  As a result, such evidence

will be barred.

**IV.    Medical Records Which Include Reference to the Fact Star Reported
Allegations to Law Enforcement**

References in Star's medical records to the fact that she reported her

allegations to law enforcement are inadmissible and should be redacted.  The

Eighth Circuit has determined that "[s]tatements made by a patient seeking

medical diagnosis or treatment are excluded from the hearsay rule because 'a

statement made in the course of procuring medical services, where the

declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility.' " United States v. Bercier, 506 F.3d 625, 631 (8th Cir. 2007).  Thus, "for a statement to be admissible under Rule 803(4), 'the declarant's motive in making the statement must be consistent with the purposes of promoting treatment; and . . . the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis.' " Id. at 631-32.  Star's statements about reporting her allegations to law enforcement and law enforcement's investigation are not statements that a physician would reasonably rely upon in treating or diagnosing Star.  Accordingly, such references are hearsay which do not fall into any exception and are inadmissible.  The medical records should be redacted consistent with this opinion.

Accordingly, it is hereby

ORDERED that defendant's motion in limine to prohibit reference to police reports, references, and testimony (Docket 84) is denied in part and granted in part.

Dated May 28, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE